## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL A. MOODY,

      Petitioner,

v.                              CASE NO:  8:14-cv-01372-JSM-TGW
                                     Crim. Case No: 8:12-cr-264-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on June 9, 2014; the Government's Response in Opposition (CV Dkt. #5), filed October 10, 2014; and Petitioner's Reply to Response (CV Dkt. #8), filed December 3, 2014. Upon review, the Court finds that Petitioner's claims are procedurally barred and he is not entitled to relief.

## BACKGROUND

On June 28, 2012, Petitioner was charged with possessing a firearm and ammunition after having been convicted of felony offenses, in violation of 18 U.S.C. § 922(g)(1) (CR Dkt. #1). The indictment listed seven prior State of Florida felony convictions that made it unlawful for Petitioner to possess a firearm as a convicted felon, including multiple convictions for the sale or possession of cocaine (CR Dkt. #1). Petitioner moved to dismiss

the indictment, and the court denied his motion (CR. Dkt. 23, 25). Pursuant to a plea agreement, Petitioner pleaded guilty to the charge brought against him (CR Dkt. # 32, 33).

Petitioner's Presentence Investigation Report reflected that Petitioner's sentence was subject to enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), because he had at least three prior convictions for a violent felony offense, serious drug offense, or both (PSI ¶ 23). Among these offenses were three convictions for the sale of cocaine on three separate occasions (PSI ¶ 23). The report concluded that (1) pursuant to 18 U.S.C § 922(g) and 924(e), the minimum term of imprisonment was 15 years and the maximum term was life; and (2) the guideline imprisonment range was 188 months to 235 months. (PSI ¶ 102-103) On January 23, 2013, the Court sentenced Petitioner to 189 months in prison, followed by five years of supervised released (CR Dkt. #35-36).

Petitioner appealed his judgment and sentence, raising the following issues:

1. 18 U.S.C. § 922(g)(1) is unconstitutional under the Commerce Clause and the Tenth Amendment.

2. 18 U.S.C. § 922(g)(1) violated my Fifth Amendment due process right to fair notice of the prohibited conduct.

(CV Dkt. #5, Exhibits B and C.) On February 3, 2014, the Eleventh Circuit Court of Appeals rejected Petitioner's claims and affirmed his conviction and sentence (CR Dkt. #59).

On June 9, 2014, Petitioner timely filed his § 2255 motion, raising the following grounds for relief:

1. Petitioner's sentence was improperly enhanced under the ACCA.

      2. Petitioner was deprived of his Fifth Amendment due process protections when he was denied an adequate state forum to address an illegal search and seizure by state authorities that led to the federal charge brought against him.

## DISCUSSION

### Ground One

In his first ground for relief, Petitioner asserts that his sentence was improperly enhanced under the ACCA because his State of Florida convictions for sale of cocaine under Fla. Stat. § 893.13(1)(a)(1) are convictions that the United States Supreme Court has determined no longer qualify as ACCA predicate. Petitioner cites to *Descamps v. U.S.*, 133 S.Ct. 2276 (2013), for the proposition that prior state convictions qualify as ACCA predicate offenses only if the state statute's elements are the same as, or narrower than, those of the generic federal offense. In particular, Petitioner alleges that the federal drug statute, 21 U.S.C. § 841(a)(1), includes as an element that the offender knew of the illicit nature of the substance, while the State of Florida statute under which he had been previously convicted does not. Accordingly, he maintains that the acts criminalized by Fla. Stat. § 893.13(1)(a)(1) are not encompassed by the federal generic offense in 21 U.S.C. § 841(a)(1), and his State of Florida convictions for sale of cocaine do not, as a matter of law, qualify as ACCA predicates.

### *Procedural Bar*

Because Petitioner could have raised this claim on direct appeal, he is procedurally barred from raising it now. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge." *Black v. U.S.*, 373 F.3d 1140, 1142 (11th Cir. 2004). However, "[d]efendants can avoid the

procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Hill v. U.S.*, 569 Fed. App'x 646, 648 (11th Cir. 2014).

"Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Lynn v. U.S.*, 365 F.3d 1225, 1234 (11th Cir. 2004). Under the second exception, a court may allow a defendant to proceed with a § 2255 claim notwithstanding his failure to show cause for procedural default if "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (quoting *Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Petitioner does not offer any explanation why his claim is not procedurally barred. But he seems to opine that his failure to raise the allegedly improper sentencing enhancement claim on direct appeal is excused because he was awaiting the Supreme Court's decision in *Descamps*. This does not amount to cause justifying his failure to previously raise the claim. Under the cause and prejudice exception, the petitioner must establish that "some objective factor external to the defense prevented [the petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." *Lynn*, 365 F.3d at 1235. Moreover, "the question is not whether legal developments . . . [have] made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Id.* At the time of his direct appeal, Petitioner could have argued that his prior convictions did not qualify as ACCA predicate offenses.

Also, to the extent Petitioner may be suggesting that he was awaiting the decision in *Descamps* to determine whether his claim had merit or not, "perceived futility does not constitute cause to excuse a procedural default." *McCoy v. U.S.*, 266 F.3d 1245, 1258 (11th Cir. 2001). Consequently, the fact that *Descamps* had not yet issued at the time of Petitioner's appeal had no bearing on his ability to make this claim.  Petitioner cannot establish cause for his failure to previously raise the issue; the cause and prejudice exception does not apply.

Turning to the actual innocence exception, it applies to "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1604).  Petitioner makes no claim of factual innocence – he does not deny that he was previously convicted of the drug offenses that formed the basis of his ACCA enhancement. Rather, Petitioner contends that his prior State of Florida convictions are not legally sufficient to qualify as predicate convictions for purposes of the ACCA. Because the basis of Petitioner's claim is legal insufficiency, the actual innocence exception does not apply. Consequently, Petitioner's Ground One is barred.

### *Petitioner's Claim is Without Merit*

In addition to being procedurally barred, Petitioner's claim lacks merit. Petitioner rests his argument on his understanding that under *Descamps*, convictions for sale of cocaine under Fla. Stat. § 893.13(1)(a)(1) do not qualify as ACCA predicates because the statute lacks the *mens rea* element present in the federal generic offense. Petitioner's contention is misplaced and his argument without merit.

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g), as was Petitioner, is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" committed on separate occasions. 18 U.S.C. 924(e)(1); *see also U.S. v. Samuel*, 580 F.App'x. 836, 841 (11th Cir. 2014). In *Descamps*, the Supreme Court emphasized that where a defendant's prior convictions originate in an "indivisible statute," one not containing alternative elements, the "formal categorical approach" applies to determine whether the prior offenses qualify as ACCA predicates. 133 S.Ct. at 2283. In particular, "[s]entencing courts may 'look only to the statutory definitions' – i.e. the elements – of a defendant's prior offenses, and "not to the particular facts underlying those convictions." *Id.* (quoting *Taylor v United States*, 495 U.S. 575 (1990)). If the relevant statute has the same elements as, or is more narrow than, the "generic" ACCA crime, then the prior conviction qualifies as ACCA predicate. *Id.* "But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.*

Here, the formal categorical approach applies because the previous convictions used to enhance Petitioner's sentence under the ACCA came from violating an indivisible statute: Fla. Stat. § 893.13 (CV Dkt. #5, Exhibit D-1). Under this statute, "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). "A violation of § 893.13(1)(a) involving cocaine is a second-degree felony, punishable by up to 15 years of imprisonment." *Samuel*, 580 F.App'x. at 842. (citing § 893.13(1)(a)(1) (cross-referencing §§ 775.082(3)(c),

893.03(2)(a)(4))). The generic crime with which the elements of section § 893.13(1)(a) must be compared is the "serious drug offense" defined in the ACCA – not the "federal drug statute" Petitioner refers to in 21 U.S.C. § 841(a)(1). *See Samuel*, 580 F.App'x at 841-42 (analyzing whether Florida offense qualified as ACCA predicate by comparing elements of the Florida offense with the elements of the offense listed in the ACCA). A "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(II)(A)(ii).

In *Samuel*, the Eleventh Circuit Court applied the formal categorical approach to determine whether a conviction under the Florida cocaine statute qualifies as a "serious drug offense" under the ACCA and concluded that it does. *Id.* at 842. As Petitioner notes, the Florida statute does not require knowledge of the illicit nature of the controlled substance. *Id.* Similarly, and contrary to Petitioner's assertion, "[t]he definition of 'serious drug offense' in § 924(e) *does not* require knowledge of the illicit nature of the controlled substance to have been an element of a prior state crime." *Id.* (emphasis added). Thus, a violation of § 893.13(1)(a) involving cocaine satisfies the requirements of the ACCA. *Id; see also United States v. Johnson*, 570 F.App'x. 852, 856-57 (11th Cir. 2014) (holding that defendant's prior conviction under § 893.13(1)(a)(1) qualify as a "serious drug offense" under the ACCA). Therefore, the Court properly used Petitioner's Florida sale-of-cocaine

convictions to enhance his sentence under the ACCA, and Petitioner is not entitled to relief on the basis of his allegations.

## Ground Two

In his second ground for relief, Petitioner contends that he was deprived of his Fifth Amendment due process protections when he was denied an adequate state forum to address an illegal search and seizure by state authorities of the firearm and ammunition subsequently used to establish federal jurisdiction of the underlying charge against Petitioner. Specifically, he alleges that the federal charges brought against him stem from an illegal search and seizure conducted by state authorities investigating a civil infraction, which resulted in the discovery of the firearm and ammunition in his vehicle. However, Petitioner contends, because the State of Florida *nolle prossed* its case against him, he was not afforded an adequate state forum to challenge the illegal search and seizure conducted by state authorities. Had Petitioner been able to do so, he asserts, the firearm and ammunition evidence would have been suppressed, and the doctrine of collateral estoppel would have precluded federal prosecution.

Petitioner also emphasizes his belief that the district court lacked jurisdiction to hear his claim for two distinct reasons: (1) he desired to challenge the actions of state authorities, not federal authorities; and (2) he desired to assert his rights under the Florida Constitution, not the United States Constitution. Because he could not litigate this issue, Petitioner believes he was denied due process of law under the Fifth Amendment.

*Procedural Bar*

As with Petitioner's first claim, his second claim is procedurally barred for his failure to previously raise the issue. *See Black*, 373 F.3d at 1142. Aside from making the bare assertion that he was unaware of the claim at the time of his direct appeal, Petitioner makes no attempt to justify his failure to timely raise the alleged due process violation. Importantly, no external factor precluded Petitioner from raising the issue on direct appeal. Therefore, Petitioner is unable to demonstrate cause excusing his failure to do so. *See Lynn*, 365 F.3d at 1235. Petitioner has procedurally defaulted on Ground Two, and it is barred.

*Petitioner's Claim is Without Merit*

Even if Ground Two were not procedurally barred, Petitioner would not be entitled to relief because his claim is without merit. Specifically, Petitioner's inability litigate a particular issue in state court does not amount to a deprivation of Fifth Amendment due process protections.

With respect to Petitioner's belief that the grant of a motion to suppress evidence in state court would have barred the use of the evidence in any federal proceeding, Petitioner is mistaken. *See, e.g. United States v. Ponce-Aldona*, 579 F.3d 1218 (11th Cir. 2009) (illustrating federal prosecution of a case even notwithstanding reversal of the state conviction for lack of support for a valid administrative traffic stop). Thus, even if Petitioner's state case had not been *nolle prossed*, and he had litigated and prevailed on a motion to suppress in state court, principles of collateral estoppel would not necessarily have acted as a bar to federal prosecution.

Furthermore, Petitioner's assertion that the Court lacked jurisdiction to hear the issue is unfounded. With respect to his concern that the actions he sought to challenge were taken by state actors, the Court has jurisdiction to hear the issue of whether state authorities violated a defendant's constitutional rights. *See, e.g. Ponce-Aldona*, 579 F.3d 1218 (addressing motion to suppress evidence seized by state authorities). As for his concern that, because he was in federal court, he was unable to assert his right against unreasonable search and seizure under the Florida Constitution, Petitioner is again mistaken. He could have challenged the allegedly improper search under both the state and federal constitutions. *See, e.g. Johnston v. Tampa Sport Authority*, 530 F.3d 1320, 1325 (11th Cir. 2008) (applying the Florida constitutional law to determine whether search and seizure was valid under the Florida Constitution's search-and-seizure provision). It is Petitioner who neglected to raise the issue before the Court, and not the Court who denied him due process. For this reason, Petitioner's claim is without merit.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #61, in the underlying criminal case, case number 8:12-cr-264-T-30TGW.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). *Id.*  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 8th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2014\14-cv-1372 deny 2255.docx